UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

THOMAS P. R.,

                                        Plaintiff,

v.                                                    1:20-CV-01493 (TWD)

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

_____

APPEARANCES:                          OF COUNSEL:

THOMAS P. RONDEAU
Plaintiff, *pro se*
111 Whitecreek Rd.
Eagle Bridge, NY 12057

U.S. SOCIAL SECURITY ADMIN.           RONALD W. MAKAWA
OFFICE OF THE GENERAL COUNSEL         Special Assistant U.S. Attorney
Counsel for Defendant
JFK Federal Building, Room 625
Boston, MA 02203

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## <u>DECISION AND ORDER</u>

## I.      INTRODUCTION

This matter is presently before the Court to consider whether this action, which is an
appeal from an unfavorable determination of the Social Security Administration regarding
Plaintiff's disability, should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil
Procedure based upon *pro se* Plaintiff's failure to prosecute.  Defendant has moved for dismissal.
(Dkt. No. 21.)  For the reasons that follow, the Court grants Defendant's Motion to Dismiss (Dkt.
No. 21) and dismisses Plaintiff's complaint (Dkt. No. 1) with prejudice.

## II.     PROCEEDINGS TO DATE

Plaintiff commenced this action *pro se* on December 4, 2020, pursuant to 42 U.S.C. §405(g) for review of an adverse decision of the Commissioner of Social Security ("Defendant" or "Commissioner").  (Dkt. No. 1.)  Plaintiff also filed an application to proceed i*n forma pauperis* ("IFP").  (Dkt. No. 3.)  The Clerk provided Plaintiff with a copy of the Court's *Pro Se* Handbook, Local Rules, and Notice, along with General Order 18.  (Dkt. Nos. 4, 5.)  A Consent to the Jurisdiction of the Magistrate Judge was also filed.  (Dkt. No. 6.)  On December 8, 2020, the Court issued a Text Order granting Plaintiff's IFP Application.  (Dkt. No. 7.)

The Commissioner filed the Certified Administrative Record and Transcript ("Record") on July 15, 2021, and served the Record on Plaintiff as directed by the Court.  (Dkt. Nos. 17, 18.) As such, Plaintiff's brief was due by August 30, 2021.  (*See* Dkt. Nos. 5, 17.)

When Plaintiff's brief was not received by the due date, the Court issued a Text Order on August 31, 2021, which extended *sua sponte* Plaintiff's deadline to file his brief to September 30, 2021, and advised Plaintiff that his failure to submit a brief may result in consideration of the Record without Plaintiff's arguments and his action may be dismissed with prejudice.  (Dkt. No. 19.)  The Text Order further stated that in the event Plaintiff "fails to submit a brief, the defendant may file a motion to dismiss for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b), and the action may be dismissed with prejudice on the basis of the plaintiff's failure to file a brief."  *Id.*

Thereafter, when Plaintiff again did not file his brief as directed, the Court issued a Text Order directing Defendant to file a motion to dismiss for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure by November 15, 2021.  (Dkt. No. 20.)

On November 12, 2021, Defendant filed the pending motion to dismiss for failure to

prosecute.  (Dkt. No. 21.)  Plaintiff was directed to file his response to Defendant's motion by

December 3, 2021.  *Id.*  However, as of the date of this Decision and Order, Plaintiff has failed to

file a response to the motion, and Plaintiff has also failed to file a brief, or request an extension

of any of the deadlines set by the Court.  Plaintiff has also failed to contact the Court with any

further information; he has not indicated he intends to prosecute this case; and he has not

otherwise communicated with the Clerk regarding this action.

## III.   DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure states that, "[i]f the plaintiff fails to

prosecute or to comply with these rules or a court order, a defendant may move to dismiss the

action or any claims against it."  Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370

U.S. 626 (1962).  This power to dismiss may be exercised when necessary to achieve orderly and

expeditious disposition of cases.  *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL

481534, at *1 (N.D.N.Y. Aug. 22, 1996).  Courts have also recognized that Rule 41(b) does not

abrogate a district court's inherent power to dismiss a complaint, *sua sponte*, for failure to

prosecute.  *See Saylor v. Bastedo*, 623 F.2d 230, 238-39 (2d Cir. 1980).  However, "[d]ismissal is

a harsh remedy and is appropriate only in extreme situations," and "district courts should be

especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a *pro se*

litigant."  *Saundvallee B. v. Berryhill*, No. 5:17-CV-0867 (LEK), 2019 WL 2210595, at *1

(N.D.N.Y. May 22, 2019) (citing *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir. 1996)).  It is also

well-settled that the term "these rules" in Rule 41(b) refers not only to the Federal Rules of Civil

Procedure but also to the local rules of practice for a district court.  *See Tylicki v. Ryan*, 244

F.R.D. 146, 147 (N.D.N.Y. 2006).

In Social Security cases, General Order 18, under the heading "**NOTIFICATION OF THE CONSEQUENCES OF FAILING TO FILE A BRIEF AS REQUIRED BY PARAGRAPH C.(1)(A-D)**" (emphasis in original), provides that an "[a]ction may be dismissed with prejudice on the basis of the plaintiff's failure to file a brief."  (*See* Dkt. No. 5.)  Local Rule 41.2 also provides that "Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed."  L.R. 41.2(a).

When considering a dismissal for failure to prosecute under Rule 41(b), the Court must consider five factors: (1) the duration of the plaintiff's failure to comply with the court order (or the court's procedural rules); (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.  *Lucas*, 84 F.3d at 535 (citations omitted); *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).  No one factor is dispositive.  *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001); *Nita v. Connecticut Dep't of Environmental Protection*, 16 F.3d 482, 485 (2d Cir. 1994).  Furthermore, although "a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning" on each of the five factors, we do not "require the [district] court to discuss the factors on the record."  *LeSane*, 239 F.3d at 209.

In considering the duration of Plaintiff's failure to prosecute his claim, this first factor weighs in favor of dismissal because Plaintiff has taken no action on this case since submitting a letter to the Court on December 18, 2020, regarding his attached Social Security documentation containing the Appeals Council's unfavorable determination.  (Dkt. No. 11.)  The Court notes

that Local Rule 41.2(a) states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a). Upon review of the docket, it appears that Plaintiff has failed to file anything subsequent his letter on December 18, 2020. (Dkt. No. 11.) Plaintiff provided no further contact with the Court either in person, by telephone, or by letter, and the Court provided him with two opportunities to file a brief and he did not do so. (*See* Dkt. Nos. 17, 19.) The Court warned Plaintiff that failure to file a brief may result in dismissal of the action with prejudice. (Dkt. No. 19.) Despite Plaintiff being given an extension of time and opportunities to file a brief, Plaintiff has not followed the Court's Orders and directives to do so. Plaintiff's inaction on this case since December 18, 2020, constitutes a failure to prosecute of significant duration. *See Jiminez v. Astrue*, No. 09-CV-50S, 2010 WL 419982, at *2 (W.D.N.Y. Jan. 29, 2010) ("Six months is a failure of significant duration."); *Lopez v. Catholic Charities of Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *3 (S.D.N.Y. Jan. 22, 2001) (dismissing under Rule 41(b) where "plaintiff has failed to take any steps to prosecute this action for at least three months"). Accordingly, the Court finds the first factor weighs in favor of dismissal.

"The Second Circuit requires that the plaintiff receive adequate notice that the case could be dismissed due to inaction." *Folk v. Rademacher*, No. 00-CV-199S, 2005 WL 2205816, at *4 (W.D.N.Y. Sept. 9, 2005) (citing *Martens v. Thomann*, 273 F.3d 159, 180-81 (2d Cir. 2001)); *see also Nolan v. Primagency, Inc.*, No. 07 Civ. 134, 2008 WL 1758644, at *3 (S.D.N.Y. Apr. 16, 2008) ("The Second Circuit has held that where a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, this element has been met.") (citing *Shannon v. General Elec. Co.*, 186 F.3d 186, 194-95 (2d Cir. 1999)); *Europacific Asset Mgmt. Corp. v. Tradescape*,

*Corp.*, 233 F.R.D. 344, 353 (S.D.N.Y. 2005) ("A court's prior warning of dismissal, and subsequent inaction by a plaintiff, weighs in favor of dismissal."). Here, Plaintiff failed to contact the Court or file a brief or request an extension after being given opportunities to do so by the Court. As noted above, Plaintiff was specifically notified by the Court's August 31, 2021, Text Order that his failure to file a brief would result in dismissal. (Dkt. No. 19.) Therefore, the second factor weighs in favor of dismissal.

Prejudice "may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256 (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.3d 37, 43 (2d Cir. 1982)). The third factor also weighs in favor of dismissal, as Plaintiff's further delay is likely to prejudice Defendant who has filed the required documents in accordance with General Order 18 and as directed by the Court. (Dkt. Nos. 17, 18, 21.) Due to Plaintiff's unexplained inaction of over one year, prejudice to Defendant is presumed. Therefore, the third factor also weighs in favor of dismissal.

The Second Circuit has stated "there must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas*, 84 F.3d at 535-36. "Nonetheless, fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources may warrant a dismissal under Rule 41(b)." *Rubin v. Abbott Labs.*, 319 F.R.D. 118, 121 (S.D.N.Y. 2016). The *Rubin* Court also stated that Courts in that district "have held that calendar congestion outweigh a plaintiff's opportunity to be heard when the plaintiff has rebuffed opportunities to be heard." *Id.* (citations omitted). Here, the Court finds that the need to alleviate congestion on the Court's docket and move cases toward trial, outweighs Plaintiff's right to receive a further chance to be heard in this case. It is the need to monitor and manage cases such as this when one party

refuses to participate that delays the resolution of other cases, and that contributes to the Second Circuit's relatively long median time to disposition for Social Security cases.

Finally, the Court has carefully considered sanctions less drastic than dismissal of Plaintiff's complaint and finds them to be inadequate under the circumstances. *See Smith v. Human Res. Admin. of N.Y.C.*, No. 91-CV-2295, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate in this case [because] [c]ourt orders and direction have not prompted plaintiff to move her case forward.").  Additionally, Plaintiff is proceeding IFP, therefore "rendering monetary sanctions inappropriate." *Id.*

Accordingly, based upon Plaintiff's failure to comply with directives from the Court or to file a brief, and after considering the factors relevant to a dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, the Court finds dismissal of Plaintiff's complaint is warranted.

**WHEREFORE**, it is hereby

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 21) is **GRANTED**, and Plaintiff's complaint (Dkt. No. 1.) is **DISMISSED WITH PREJUDICE** for failure to prosecute; and it is further

**ORDERED** that the Clerk provide to Plaintiff a copy of this Decision and Order in accordance with the Court's Local Rules, along with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**IT IS SO ORDERED**.

Dated: February 1, 2022
    Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

Case 1:20-cv-01493-TWD    Document 22    Filed 02/01/22    Page 8 of 32
Freeman v. Lundrigan, Not Reported in F.Supp. (1996)
1996 WL 481534

1996 WL 481534
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Millicient FREEMAN, Plaintiff,

v.

Kevin LUNDRIGAN, C.O., Defendant.

No. 96–CV–1190 (RSP/RWS).
|
Aug. 22, 1996.

**Attorneys and Law Firms**

Millicient Freeman, Oriskany, NY, Pro se.

McLane and Smith, L.L.P., Utica, NY (Steven A. Smith, of counsel), for Defendant.

ORDER

POOLER, District Judge.

 **\*1** By Order dated February 5, 1996 ("Order"), I approved the Order and Report–Recommendation of Magistrate Judge Ralph W. Smith, Jr., dated October 5, 1995, and dismissed this action as against Daniel Middaugh, Michael Durant, Todd Egger, Robert Stanton and Daryl Bourant. *See* Dkt. No. 11.

A copy of the Order was served on Freeman at her last known address by regular mail on February 6, 1996. On February 12, 1996, the Order was returned to the Court marked "No Longer at This Facility—Please Return to Sender." *See* Dkt. No. 12.

On June 19, 1996, Steven A. Smith, Esq., attorney for the defendant, filed an affidavit with the Court stating that he had attempted to serve a first set of interrogatories on Freeman at the address listed on the summons, and that it was returned to him by the Post Office marked "RTS" or return to sender. *See* Dkt. No. 14.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash Railroad County Independent School District,* 370 U.S. 626 (1962). This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See*

*Rodriguez v. Walsh,* No. 92–Civ–3398, 1994 WL 9688, \*1 (S.D.N.Y. Jan. 14, 1994) (citations omitted).

Additionally, this Court specifically cautioned Freeman that her failure "to promptly notify the Clerk's Office of any change in her address ... [would] result in the dismissal of the instant action." *See* Dkt. No. 3 at 7.

Moreover, a plaintiff has the duty to inform the Court of any address changes. As I have stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty Corr. Facility,* No. 95–CV–1525, 1996 WL 172699, \*1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (quoting *Perkins v. King,* No. 84–3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

This matter cannot proceed without notification to the Court by Freeman of her current address. Therefore, it is hereby:

ORDERED, that this action is dismissed, *See* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York, and it is further;

ORDERED, that the Clerk serve a copy of this Order on Freeman by regular mail at her last known address and on Steven A. Smith, Esq., attorney for the defendant.

1996 WL 481534

**\*2**  IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp., 1996 WL 481534

---

**End of Document**                                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.

Saundvallee B. v. Berryhill, Not Reported in Fed. Supp. (2019)

2019 WL 2210595

2019 WL 2210595
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

SAUNDVALLEE B., Plaintiff,

v.

Nancy A. BERRYHILL, Acting
Commissioner of Social Security, Defendant.

5:17-CV-0867 (LEK)
|
Signed 05/22/2019

**Attorneys and Law Firms**

Saundvallee Bullock, Syracuse, NY, pro se.

Fergus J. Kaiser, Heetano Shamsoondar, Social Security
Administration Office of Regional General Counsel, New
York, NY, for Defendant.

**DECISION AND ORDER**

Lawrence E. Kahn, U.S. District Judge

**I. BACKGROUND**

**\*1** On August 8, 2017, pro se plaintiff Saundvallee B. filed a
complaint under 41 U.S.C. § 405(g) against defendant Social
Security Commissioner, as well an application to proceed
in forma pauperis ("IFP"). Dkt. Nos. 1 ("Complaint"), 3
("IFP Application"). On August 10, 2017, the Court granted
Plaintiff's IFP Application. Dkt No. 6 ("August 2017 Order").
On December 18, 2017, Defendant filed the Social Security
Administrative Record and Transcript, and the Court set a
February 1, 2018 due date for Plaintiff's brief. Dkt. No. 12
("Record"). On February 2, 2018, Plaintiff requested a two-
month extension to file his brief, Dkt. No. 15 ("Plaintiff's
First Extension Request"), which the Court granted in part,
extending the deadline to March 23, 2018, Dkt. No. 16
("February 2018 Text Order"). On March 23, 2018, the Court
granted Plaintiff's request for another two-month extension.
Dkt. Nos. 17 ("Plaintiff's Second Extension Request"), 18
("March 2018 Text Order"). When Plaintiff had not filed
his brief by May 30, 2018, the Court issued a text order
instructing Defendant to file her brief within sixty days,
notifying Plaintiff that he would have thirty days after service
of Defendant's brief to file a brief in support of his position
should he choose to do so, and warning Plaintiff that "his

continued inaction in this matter could result in the Court
dismissing his case." Dkt. No. 19 ("May 2018 Text Order")
(citing Fed. R. Civ. P. 41(b) and Local Rule 41.2(a)). After the
Court granted Defendant a thirty-day extension, Dkt No. 21
("July 2018 Text Order"), Defendant filed her brief on August
28, 2018. Dkt. No. 22 ("Defendant's Brief"). Plaintiff did not
submit a response and has taken no further action in this case.
Docket.

**II. LEGAL STANDARD**

"A District Court may, sua sponte, dismiss an action for lack
of prosecution." Lukensow v. Harley Cars of N.Y., 124 F.R.D.
64, 66 (S.D.N.Y. 1989); see also Harding v. Fed. Reserve
Bank of N.Y., 707 F.2d 46, 50 (2d Cir. 1983) ("[D]ismissal
pursuant to Fed. R. Civ. P. 41(b) for lack of prosecution
or for failure to comply with an order of the court is a
matter committed to the discretion of the district court.").
"[D]ismissal is a harsh remedy and is appropriate only in
extreme situations," and "district courts should be especially
hesitant to dismiss for procedural deficiencies where ... the
failure is by a pro se litigant." Lucas v. Miles, 84 F.3d 532,
535 (2d Cir. 1996).

When considering a dismissal for failure to prosecute under
Rule 41(b), the Court must consider five factors:

> "(1) the duration of the plaintiff's failure to comply with
> the court order, (2) whether plaintiff was on notice that
> failure to comply would result in dismissal, (3) whether the
> defendants are likely to be prejudiced by further delay in
> the proceedings, (4) a balancing of the court's interest in
> managing its docket with the plaintiff's interest in receiving
> a fair chance to be heard, and (5) whether the judge
> has adequately considered a sanction less drastic than
> dismissal."

**\*2** Id. No one factor is dispositive. LeSane v. Hall's Sec.
Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001).

**III. DISCUSSION**

The first factor favors dismissal because Plaintiff has taken no
action on this case since filing his second extension request
in March 2018, a failure to prosecute of significant duration.
See Jiminez v. Astrue, No. 09-CV-50S, 2010 WL 419982,
at \*2 (W.D.N.Y. Jan. 29, 2010) ("Six months is a failure
of significant duration."); Lopez v. Catholic Charities of
Archdiocese of N.Y., No. 00-CV-1247, 2001 WL 50896, at \*3
(S.D.N.Y. Jan. 22, 2001) (dismissing under Rule 41(b) where

Saundvallee B. v. Berryhill, Not Reported in Fed. Supp. (2019)

Case 1:20-cv-01493-TWD   Document 22   Filed 02/01/22   Page 11 of 32

2019 WL 2210595

"plaintiff has failed to take any steps to prosecute this action for at least three months"); see also N.D.N.Y.L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution.").

The second factor favors dismissal because the May 2018 Text Order put Plaintiff on notice that failure to file his brief could result in dismissal. The third factor also favors dismissal because, unlike cases of moderate or excusable delay in which there is a need to show actual prejudice, Plaintiff's year of unexplained inaction is presumed to prejudice Defendant. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) ("Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater.") (internal citations omitted). The fourth factor, in contrast, favors Plaintiff because "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." Lucas, 84 F.3d at 535–36. There is no evidence of such an "extreme effect" in this case.

Finally, the Court has considered lesser sanctions and concluded, based on Plaintiff's apparent disinterest in pursuing his case, that they would be ineffective. See Smith v. Human Res. Admin. of N.Y.C., No. 91-CV-2295, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate in this case [because] [c]ourt orders and direction have not prompted plaintiff to move her case forward."). Additionally, Plaintiff is proceeding IFP, "rendering monetary sanctions inappropriate." Id. The Court has also considered deciding the merits of the appeal in the absence of Plaintiff's brief as the Second Circuit has indicated that, at least in the summary judgment context where a plaintiff fails to respond to a defendant's statement of material facts, "resolutions on summary judgment ... are generally to be preferred to dismissals under Rule 41(b)." LeSane, 239 F.3d at 211. In LeSane, however, the plaintiff prosecuted the case for over a year before failing to comply with the court's order to respond to the defendant's statement of material facts. Id. at 210. In contrast, dismissal is appropriate here because Plaintiff has taken almost no action since filing his Complaint, and has provided no guidance—in the Complaint or elsewhere—as to the grounds on which he appeals. See Ortega v. Apfel, 5 F. App'x 96, 97 (2d Cir. 2001) (affirming dismissal under Rule 41(b) where "[t]he record reveals that, beyond filing his complaint ... [plaintiff] took no action to prosecute his case."); see also Rivera v. Comm'r of Soc. Sec. Admin., No. 16-CV-2316, 2017 WL 1683660, at *2 (N.D. Ohio Apr. 11, 2017), report and recommendation adopted sub nom. Rivera v. Comm'r of Soc. Sec., No. 16-CV-2316, 2017 WL 1649825 (N.D. Ohio May 2, 2017) (dismissing complaint against Commissioner of Social Security under Rule 41(b) because plaintiff failed to file brief on the merits).

*3 The balance of the five factors indicates that this action should be dismissed. See Lopez, 2001 WL 50896, at *6 (dismissing under Rule 41(b) where, like here, all factors except court congestion favored dismissal).

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Complaint (Dkt. No. 1) is **DISMISSED** for failure to prosecute; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Decision and Order upon the parties in this action in accordance with the Local Rules.

**IT IS SO ORDERED.**

## All Citations

Not Reported in Fed. Supp., 2019 WL 2210595

---

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

2010 WL 419982
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial
staff and not assigned editorial enhancements.**

United States District Court,
W.D. New York.

Erick Rodriguez JIMINEZ, Plaintiff,
v.
Michael J. ASTRUE, Commissioner
of Social Security, Defendant.

No. 09-CV-50S.
|
Jan. 29, 2010.

**Attorneys and Law Firms**

Erick Rodriguez Jiminez, North Tonawanda, NY, pro se.

Kevin D. Robinson, U.S. Attorney's Office, Buffalo, NY, for
Defendant.

**DECISION AND ORDER**

WILLIAM M. SKRETNY, Chief Judge.

**I. INTRODUCTION**

 *1  Presently before this Court is Defendant's Motion for
Judgment on the Pleadings. (Docket No. 10.) Despite three
separate Scheduling Orders directing Plaintiff to respond to
Defendant's Motion, Plaintiff has failed to submit a response.
In light of the foregoing, and for the reasons stated below, this
case is dismissed with prejudice.

**II. BACKGROUND**

Plaintiff commenced this action *pro se* on January 15, 2009,
by filing a Complaint in this Court, naming the Commissioner
of Social Security, as the Defendant. (Docket No. 1.) On
July 20, 2009, Defendant moved for judgment on the
pleadings pursuant to Rule 12(c) of the Federal Rules of Civil
Procedure. (Docket No. 10.) Thereafter, this Court issued a
Scheduling Order, directing Plaintiff to submit a response to

Defendant's Motion by September 15, 2009. (Docket No. 12.)
Plaintiff, however, did not file a response by September 15,
2009.

This Court then issued another Scheduling Order on October
2, 2009. (Docket No. 14.) Therein, this Court directed
Plaintiff to submit a response by October 15, 2009.(*Id.*) The
Scheduling Order also warned Plaintiff that his failure to
respond by October 15, 2009, may result in the dismissal of
this case for failure to prosecute. (*Id.*) Plaintiff did not submit
a response by October 15, 2009.

On December 10, 2009, this Court issued a third Scheduling
Order directing Plaintiff to submit a response by January 18,
2010. (Docket No. 15.) This Court warned Plaintiff that his
failure to submit a response by said date may result in the
dismissal of his case, and that no extensions of time will be
given. (*Id.*) Plaintiff did not submit a response by January 18,
2010, nor has he done so to date.

**III. DISCUSSION**

**A. Dismissal under Rule 41(b) For Failure to Prosecute**
Dismissal of this case is warranted pursuant to Rule 41(b) of
the Federal Rules of Civil Procedure, which provides that:

> If the plaintiff fails to prosecute or
> to comply with these rules or any
> order of court, a defendant may move
> for dismissal of an action or of any
> claim against the defendant. Unless
> the court in its order for dismissal
> otherwise specifies, a dismissal under
> this subdivision and any dismissal not
> provided for in this rule, other than a
> dismissal for lack of jurisdiction, for
> improper venue, or for failure to join
> a party under Rule 19, operates as an
> adjudication upon the merits.

Fed.R.Civ.P. 41(b).

Where the defendants have not specifically moved for
dismissal under Rule 41(b)-such as in this case-a court may
nonetheless order dismissal *sua sponte. See Link v. Wabash
R.R. Co.,* 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d

2010 WL 419982

734 (1982); *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir.1982). In *Link,* the Supreme Court noted that: "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." [1] *Link,* 370 U.S. at 630-31.

[1] This authority is of ancient origins. Under English common law, dismissal for lack of prosecution could be imposed if a plaintiff "suffer [ed] three terms to elapse without moving forward in the cause." *United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 250 (2d Cir.2004) (citing 3 William Blackstone, *Commentaries* \*451 (Univ. Chicago Press 1979) (1768)).

**\*2** Rule 41(b) does not define failure to prosecute. But the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre,* 682 F.2d at 42. Dismissal pursuant to Rule 41(b) falls within the court's discretion. *See id.* at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion"). It is, however, "a harsh remedy to be utilized only in extreme situations." *Harding v. Fed. Reserve Bank,* 707 F.2d 46, 50 (2d Cir.1983) (quoting *Theilmann v. Rutland Hosp.,* Inc., 455 F.2d 853, 855 (2d Cir.1972) (per curiam); *see also Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 665 (2d Cir.1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive"). This is particularly true in cases involving pro se plaintiffs, where dismissal for failure to prosecute should only be granted "when the circumstances are sufficiently extreme." *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996) (citing *Nita v. Connecticut Dep't of Envtl. Prot.,* 16 F.3d 482, 487 (2d Cir.1994)).

The following factors, none of which are dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due

process rights, and (5) whether lesser sanctions would be appropriate. *See United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 255 (2d Cir.2004); *Nita,* 16 F.3d at 485; *Feurtado v. City of New York,* 225 F.R.D. 474, 477 (S.D.N.Y.2004) (quoting *Jackson v. City of New York,* 22 F.3d 71, 74 (2d Cir.1994)). In the present case, these factors weigh in favor of dismissal.

### 1. Duration of Failures

The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to prosecute, and (2) whether the plaintiff's failures were of significant duration. *See Norden Sys. .,* 375 F.3d at 255. There is no "magic number" determining the length of the delay constituting a significant duration. *Copeland v. Rosen,* 194 F.R.D. 127, 132 (S.D.N.Y.2000).

Here, Plaintiff is solely at fault for failing to prosecute. For approximately the past six months, from July 20, 2009 through the date of this decision, Plaintiff's inaction has brought this case to a near standstill as to its failure to respond to Defendants' Motion for Judgment on the Pleadings despite three scheduling orders from this Court, and has failed to take any action at all during this time. Six months is a failure of significant duration. *See, e.g., Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996) (stating that it is possible that a delay of thirty-nine days could be considered significant); *Deptola v. Doe,* No. 04-CV-1379, 2005 WL 2483341, at \*2 (E.D.N.Y. Oct. 7, 2005) (dismissing case for failure to prosecute three months after *pro se* plaintiff failed to appear at a scheduling conference); *Wilson v. Oxford Health Plans (N.Y.), Inc.,* No. 01-CV-3417, 2002 WL 1770813, at \*2-4 (S.D.N.Y. July 31, 2002) (dismissing for failure to prosecute almost four months after plaintiff failed to respond to court's order); *Lopez v. Catholic Charities of the Archdiocese of New York,* No. 00-CV-1247, 2001 WL 50896, at \*4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute when plaintiff "ceased to prosecute ... action at all" for three months); *Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc.,* No. 99 Civ. 9311, 2000 WL 1677984, at \*2 (S.D.N.Y. Nov.8, 2000) (finding that delay of four months warranted dismissal); *Peters-Turnbull v. Board of Educ. of the City of New York,* No. 96-CV-4914, 1999 WL 959375, at \*2-3 (S.D.N.Y. Oct.20, 1999) (stating that delay of between five and ten months "falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss").

**\*3** Because all delay in this case is attributable to Plaintiff, and is of significant duration, this factor weighs in favor of dismissal.

### 2. Notice of Dismissal

The Second Circuit requires that the plaintiff receive adequate notice that his case could be dismissed due to inaction. *See Martens v. Thomann,* 273 F.3d 159, 180-81 (2d Cir.2001). Here, there is no question that Plaintiff had adequate notice that his case could be dismissed as two Scheduling Orders notified him that the Court was considering dismissal based upon his failure to submit a response to Defendant's Motion for Judgment on the Pleadings. (Docket Nos. 14 and 15); *see also Nolan v. Primagency, Inc.,* No. 07-CV-134, 2008 WL 1758644, at \*3 (S.D.N.Y. Apr 16, 2008) (citing *Shannon v. General Elec. Co.,* 186 F.3d 186, 195 (2d Cir.1999) ("The Second Circuit has held that where a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, this element has been met.")). Therefore, this factor weighs in favor of dismissal of his case.

### 3. Prejudice to Defendants

The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiff's inaction. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." *Lyell Theatre,* 682 F.2d at 43 (citations omitted). In *Lyell Theatre,* the court presumed prejudice where the plaintiff on numerous occasions failed to file documents as directed by the court. *Id.* at 39-40, 43. Similar to the present case, the plaintiff in *Lyell Theatre* continued to ignore the court's orders even after he had been warned that he was risking dismissal. *Id.* at 39. Thus, this factor weighs in favor of dismissal.

### 4. Balance between Calendar Congestion and Due Process Rights

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his or her case. *See Norden Sys.,* 375 F.3d at 257. In this regard, " 'a court must not let its zeal for a tidy calendar overcome its duty to justice.' " *Feurtado,* 225 F.R.D. at 480 (quoting *Davis v. United Fruit Co.,* 402 F.2d 328, 331 (2d Cir.1968)). Plaintiff's inaction has caused this

Court to prepare and file three scheduling orders, and has delayed this case for approximately four months. Although this expenditure of judicial resources is wasteful, this Court cannot conclude that the overall effect on docket congestion has been significant.

Nevertheless, Plaintiff has been afforded Due Process rights in that he has been provided ample opportunity to comply with the Orders of this Court. Thus, Plaintiff's own failure to litigate this matter is not a denial of Due Process. *See Dodson v. Runyon,* 957 F.Supp. 465, 470 (S.D.N.Y.1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); *cf. Feurtado,* 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims). Accordingly, this factor also weighs in favor of dismissal.

### 5. Consideration of Lesser Sanctions

**\*4** Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. *See Norden Sys.,* 375 F.3d at 257. Upon reviewing the entire record in this case, it is the opinion of this Court any sanction short of dismissal would be ineffective. *See e.g., Smith v. Human Res. Admin. of New York City,* No. 91-CV-2295, 2000 WL 307367, at \*3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); *Alevizopoulos,* 2000 WL 1677984, at 4 (finding lesser sanctions inappropriate based on repeated failures to comply with court orders). Thus, this final factor also weighs in favor of dismissal.

...

Accordingly, this Court finds that dismissal of this case is warranted under Rule 41(b) for Plaintiff's failure to prosecute.

### IV. CONCLUSION

Mindful of the fact that *pro se* cases should not readily be dismissed for procedural deficiencies, this Court concludes that Plaintiff's failures in this case go beyond procedural deficiencies, and constitute actual neglect. Plaintiff has failed to diligently prosecute this action, and has failed to comply

2010 WL 419982

with Orders of this Court. As such, each of the factors relevant to the Rule 41(b) analysis favors dismissal.

## V. ORDERS

IT HEREBY IS ORDERED, that this case is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 419982

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

 © 2022 Thomson Reuters. No claim to original U.S. Government Works.

2001 WL 50896
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Wilfredo LOPEZ, Plaintiff,
v.
CATHOLIC CHARITIES OF THE
ARCHDIOCESE OF NEW YORK, Defendant.

No. 00 Civ. 1247(AGS).
|
Jan. 22, 2001.

*MEMORANDUM ORDER*

SCHWARTZ, J.

**\*1** Defendant Catholic Charities of the Archdiocese of New York moves the court for an order, pursuant to Fed.R.Civ.P. 41(b), dismissing the Complaint in its entirety. In the alternative, defendant seeks an order, pursuant to Fed.R.Civ.P. 37, precluding plaintiff from introducing certain evidence at trial, calling any witnesses at trial, or amending the Complaint. For the reasons set forth below, defendant's motion to dismiss for failure to prosecute is granted.

## I. BACKGROUND [1]

[1]    Plaintiff has not responded to this motion. Accordingly, for purposes of this motion, the Court accepts as true the facts asserted by defendant.

Wilfredo Lopez, proceeding *pro se,* filed the Complaint on February 18, 2000. He alleges that defendant discriminated against him on the basis of national origin. (Aff. of Christopher B. Hitchcock dated Dec. 12, 2000 ("Hitchcock Aff.") ¶ 4 and Ex. A.) Defendant answered on April 5, 2000. (*Id.* ¶ 5 and Ex. B.) At an April 10, 2000 pretrial conference, the Court set a discovery schedule requiring the parties to serve requests for production of documents by April 24, 2000. The parties were to respond to requests for production by May 15, 2000. Depositions were to be completed by June 30, 2000. (*Id.* ¶ 6.) Defendant served its First Request for Production of Documents (the "First Request") on April 21, 2000. (*Id.* ¶ 7 and Ex. C.) At a May 5, 2000 pretrial conference, the Court allowed Mr. Lopez until May 31, 2000 to respond to the First Request. (*Id.* ¶ 8.) On May 26, 2000, Mr. Lopez served a response to the First Request. (*Id.* ¶ 9 and Ex. D.) Defendant

asserts that Mr. Lopez's response is deficient because it asserted improper objections, refused to produce documents, referred defendant to the Complaint in lieu of production, and produced only those documents already attached to the Complaint. (*Id.*) On June 5, 2000, defendant served its First Request for Interrogatories (the "First Interrogatories"). (*Id.* ¶ 10 and Ex. E.)

On June 15, 2000, defendant wrote to Mr. Lopez, asserting, among other things, that his response to the First Request was "improper, incomplete and would require supplementation." (*Id.* ¶ 11 and Ex. F.) Plaintiff did not respond. (*Id.*) On August 3, 2000, defendant again wrote to Mr. Lopez, requesting a supplemental response to the First Request and a response to the First Interrogatories. (*Id.* ¶ 12 and Ex. G.) The August 3, 2000 letter also requested that Mr. Lopez's newly retained counsel, who had called defendant, confirm in writing that he had been retained by Mr. Lopez. (*Id.*) On August 9, 2000, plaintiff sent a letter to defendant counsel and asserted that, "[t]he interrogatories will be forwarded to you shortly." (*Id.* ¶ 13 and Ex. H.) On August 15, 2000, defendant wrote to plaintiff, stating again that the response to the First Request was insufficient and that a supplemental response was required. (*Id.* ¶ 14 and Ex. I.) Plaintiff never responded. (*Id.* ¶ 14.) On August 23, 2000, defendant wrote to the Court, requesting that the Court address the discovery issues at the pretrial conference scheduled for that date. (*Id.* ¶ 15 and Ex. J.) During the August 23, 2000 pretrial conference, the Court addressed the issues raised by defendant. The Court told the parties to proceed with discovery on the assumption that discovery should be mostly, if not fully, completed by the next pretrial conference, scheduled for October 17, 2000. (*Id.* ¶ 16 .) The Court also instructed plaintiff to draft an amended complaint and submit it to defendant for review; if there were no objections, the amended complaint would be filed. (*Id.*)

**\*2** On October 3, 2000, defendant again wrote to plaintiff seeking the outstanding discovery and the proposed amended complaint. (*Id.* ¶ 17 and Ex. K.) On October 12, 2000, plaintiff wrote to defendant and stated that plaintiff would respond to defendant's request "shortly." (*Id.* ¶ 18 and Ex. L.) On October 13, 2000, defendant again wrote to plaintiff seeking the outstanding discovery and the proposed amended complaint. (*Id.* ¶ 19 and Ex. M.) The October 13, 2000 letter states that continued delay by plaintiff would result in an application to the Court. (*Id.* Ex. M.) On October 16, 2000, defendant wrote to the Court, requesting that the Court address the discovery issues and the amended complaint at

WESTLAW   © 2022 Thomson Reuters. No claim to original U.S. Government Works.

the October 17, 2000 pretrial conference. (*Id.* ¶ 20 and Ex. N.) The October 17, 2000 pretrial conference was adjourned until October 25, 2000 in response to a request by plaintiff. (*Id.* ¶ 20.) On October 23, 2000, defendant again wrote to the Court regarding plaintiff's failure to provide the outstanding discovery or the proposed amended complaint. (*Id.* ¶ 21 and Ex. O.) Defendant requested that the October 25, 2000 pretrial conference also serve as a pre-motion conference. (*Id.* ¶ 21.) At the October 25, 2000 pretrial conference, which plaintiff did not attend, the Court authorized defendant to move to preclude plaintiff from offering certain evidence at trial. On October 27, 2000, defendant wrote to plaintiff, informing plaintiff of the proceedings at the October 25, 2000 pretrial conference and of defendant's intention to move to preclude. (*Id.* ¶ 22 and Ex. P.) Plaintiff did not respond. (*Id.* ¶ 22.) On November 3, 2000, defendant served a motion to preclude plaintiff from offering certain evidence at trial, or, in the alternative, to compel plaintiff to provide outstanding discovery. (*Id.* ¶ 23.) Plaintiff did not oppose the motion.

By Memorandum Order dated November 17, 2000, the Court denied defendant's motion to preclude, but granted defendant's motion to compel discovery. 2000 WL 1725029 (Nov. 20, 2000). The Court ordered that, no later than December 8, 2000, plaintiff was to answer the First Interrogatories, produce any non-privileged documents responsive to the First Request, and provide defendant with a copy of the proposed amended complaint. *Id.* at *3– *4. In the event that plaintiff failed to comply with the Court's order, the Court authorized defendant to renew its motion to preclude on or after December 11, 2000. *Id.* at *4. The Court held another pretrial conference in this matter on November 20, 2000. Yet again, plaintiff did not appear. The Court instructed defendant to serve plaintiff with a copy of the November 17 Memorandum Order. Defendant did so by letter dated November 27, 2000. (Hitchcock Aff. ¶ 25.) Plaintiff never complied with the November 17 Memorandum Order. (*Id.*)

On December 12, 2000, defendant served the instant motion by mail and filed a copy with the Court. (Letter from Christopher B. Hitchcock to the Court dated December 21, 2000.) Defendant mailed the service copy of its motion to the address listed on the letterhead of Mr. Lopez's counsel. However, the service copy of the motion was returned to defendant unopened. This was the first time that any correspondence to plaintiff had been returned to defendant. (*Id.*) Defendant sent a letter to Mr. Lopez's counsel by facsimile, informing him that the motion had been returned

and asking for his current mailing address. (*Id.* and exhibits thereto.) The facsimile confirmation report indicates that the letter was successfully transmitted to the number listed on the letterhead of Mr. Lopez's counsel. (*Id.* and exhibits thereto.) Nonetheless, plaintiff never responded. (*Id.*) On January 2, 2001, defendant sent a copy of the instant motion by facsimile to Mr. Lopez. (Letter from Christopher B. Hitchcock to the Court dated January 4, 2001.) Plaintiff never responded.

## II. DISCUSSION

**\*3** Rule 41(b) provides, in relevant part, that, "[f]or the failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action...." Fed.R.Civ.P. 41(b). The Second Circuit has stated that "[i]nvoluntary dismissal for plaintiff's failure to prosecute is a matter committed to the discretion of the trial court by Rule 41(b).... However, dismissal is a harsh remedy to be utilized only in extreme circumstances." *Colon v. Mack,* 56 F.3d 5, 7 (2d Cir.1995) (internal quotations and citations omitted).

In deciding a motion under Rule 41(b), a court must consider five factors: (i) the duration of the plaintiff's failures; (ii) whether plaintiff received notice that further delay would result in dismissal; (iii) whether the defendant is likely to be prejudiced by further delay; (iv) the balance between alleviating court calendar congestion and the plaintiff's due process rights; and (v) the efficacy of lesser sanctions. *E.g. LeSane v. Hall's Security Analyst, Inc.,* No. 99–9421, 2001 WL 10324, at *1 (2d Cir. Jan. 4, 2001). None of the five factors is, by itself, dispositive. *Id.* at *2.

### A. Duration of Plaintiff's Failures

Plaintiff has consistently failed to comply with the Court's orders. First, plaintiff has failed to comply with the Court's order to serve defendant with the proposed amended complaint for nearly five months. During an August 25, 2000 pretrial conference, the Court instructed plaintiff to provide his proposed amended complaint to defendant. Plaintiff still has not done so. The Court warned in its November 17, 2000 Memorandum Order that failure to serve the proposed amended complaint by December 8, 2000 would result in a denial of plaintiff's request to amend. 2000 WL 1725029, at *4. Still, plaintiff has not even offered an explanation for his failure to comply with the Court's directives. Next, plaintiff has failed to comply with the Court's scheduling orders by not attending pretrial conferences for approximately three

2001 WL 50896

months. Although the Court adjourned the pretrial conference scheduled for October 17, 2000 at plaintiff's request, plaintiff did not attend the rescheduled conference on October 25, 2000. Nor did plaintiff offer any explanation for this failure to appear before the Court. Plaintiff also failed to attend a pretrial conference on November 20, 2000. Again, no explanation was ever offered. Lastly, plaintiff has failed for approximately six weeks to comply with the Court's order to provide discovery. In its November 17, 2000 Memorandum Order, the Court ordered plaintiff to provide certain discovery no later than December 8, 2000. 2000 WL 1725029, at *3– *4. Plaintiff has yet to provide such discovery, or even offer any explanation for this failure to comply with a court order.

In addition to disobeying the Court's orders, the record indicates that plaintiff has failed to take *any* steps to prosecute this action for at least three months. The last known action in this case by plaintiff was an October 12, 2000 letter from plaintiff to defendant claiming that the former would respond to the latter's discovery requests "shortly." (Hitchcock Aff. Ex. L.) Plaintiff has never done so. In fact, the record indicates that plaintiff has done nothing at all since October 12, 2000.

**\*4** Successful motions to dismiss for failure to prosecute typically involve longer delays than those present here, *see Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc.,* No. 99 Civ. 9311(SAS), 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (collecting cases), but courts have granted such motions on delays of four months or less where circumstances warranted dismissal. *Id.* (collecting cases and dismissing case at bar for four month delay). There is no "magic number" of months required for dismissal under Rule 41(b). *Copeland v. Rosen,* 194 F.R.D. 127, 132 (S.D.N.Y.2000). The circumstances of this case warrant dismissal. Plaintiff has not just been dilatory or obstructionist these past several months; plaintiff has ceased to prosecute this action *at all.* Plaintiff has not attended conferences before the Court. Plaintiff has not complied with court orders. Plaintiff has not responded to motions. Plaintiff has not even answered correspondence seeking to ascertain counsel's correct mailing address. In short, plaintiff appears to have completely abandoned this action. Moreover, plaintiff has shown utter disrespect for the Court by failing to comply with court orders and by refusing to attend court conferences. Given these facts, the first factor favors dismissal. *See Peart v. City of New York,* 992 F.2d 458, 461 (2d Cir.1993) (despite short duration of delays, first factor supported dismissal where, among other things, plaintiff failed to comply with two court orders, showed lack of respect for court, and failed

to respond to defendant's letters and telephone calls); *see also Rosen,* 194 F.R.D. at 132 (Second Circuit has affirmed dismissals where party failed to comply with court orders and otherwise showed lack of respect for court). *Stonescu v. Jablonsky,* 162 F.R.D. 268, 271 (S.D.N.Y.1995) (failure to attend pretrial conferences favors dismissal under Rule 41(b)).

**B. Notice that Further Delays Will Result in Dismissal**
The Court never specifically warned plaintiff that failure to prosecute this action could result in dismissal. However, courts in this District have held that a motion pursuant to Rule 41(b) (as opposed to a *sua sponte* dismissal by the court) provides the plaintiff with notice. *See Alevizopoulos,* 2000 WL 1677984, at *3; *Smith v. Human Res. Admin. of New York City,* No. 91 Civ. 2295(MGC), 2000 WL 307367, at *2 (S.D.N.Y. Mar. 24, 2000); *Stonescu,* 162 F.R.D. at 271; *Rodriguez v. Walsh,* No. 92 Civ. 3398(PKL), 1994 WL 9688, at *2 (S.D.N.Y. Jan. 14, 1994); *Muhammad v. Neil,* No. 92 Civ. 1870(PKL), 1994 WL 9687, at *2 (S.D.N.Y. Jan. 14, 1994). While defendant was unable to serve a copy of its motion papers on plaintiff by mail, defendant did advise Mr. Lopez's counsel of the motion via facsimile. Had Mr. Lopez's counsel replied to defendant's facsimile, defendant would no doubt have served him with a full set of motion papers. Defendant also sent a copy of the motion papers to Mr. Lopez himself via facsimile. Accordingly, plaintiff received notice that his continued failure to prosecute this action could result in dismissal. This factor favors dismissal, then.

**C. Prejudice to Defendants**
**\*5** The Second Circuit has held that "prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater. *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 43 (2d Cir.1982). Here there is evidence of actual prejudice. Beyond simply delaying the resolution of this action, plaintiff's complete inaction has cost defendant a significant amount of time and money. (Hitchcock Aff. ¶ 26.) Plaintiff's failure to provide any discovery (or even any objections to the First Interrogatories) has required defendant to make two otherwise unnecessary motions: one to compel plaintiff's participation in his own action, and one to preclude plaintiff from offering into evidence the discovery material he was ordered to produce but did not. Further inaction by plaintiff would require additional motion practice by defendant, which would necessitate

Case 1:20-cv-01493-TWD  Document 22  Filed 02/01/22  Page 19 of 32
Lopez v. Catholic Charities of Archdiocese of New York, Not Reported in F.Supp.2d (2001)
2001 WL 50896

additional expenditures of time and money. "Defendant[ ] should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit." *Alevizopoulos,* 2000 WL 1677984, at *3. Additional delay would also increase the likelihood that defendant's witnesses might become unavailable or experience diminished recollection of the events at issue. *See Peart,* 992 F.2d at 462. Accordingly, there is evidence of prejudice and the third factor favors dismissal.


### D. Balancing Court Congestion With Plaintiff's Due Process Rights

The Second Circuit has held that, "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *LeSane,* 2001 WL 10324, at *3 (quoting *Lucas v. Miles,* 84 F.3d at 535–36 (2d Cir.1996)) (internal quotations omitted). Although plaintiff has wasted the Court's time by refusing to attend pretrial conferences, this case has not had "an extreme effect" on the Court's docket. Accordingly, this factor does not favor dismissal.


### E. Efficacy of Lesser Sanctions.

Lesser sanctions would not be effective here. Based on plaintiff's failure to comply with the Court's November 17, 2000 Memorandum Order, the Court could grant defendant's alternative request for relief, precluding plaintiff from: introducing any evidence at trial relating to plaintiff's physical or mental condition; introducing at trial any documents in his custody or control other than those annexed to his complaint; calling any witnesses at trial; or introducing at trial any documents relating to his claim for damages. However, such relief would still require defendant to either move for summary judgment or proceed to trial. Either option would require the expenditure of substantial amounts of time and money. This is not a situation where the Court could now decide the action on the merits. *See Lesane,* 2001 WL 10324, at *3 (where plaintiff fails to respond to summary judgment motion, it is preferable for a court to accept defendant's facts and grant summary judgment on the merits rather than dismiss for failure to prosecute). Thus, lesser sanctions would simply impose on defendant the burden of continuing to litigate an action that plaintiff appears to have abandoned completely. Accordingly, this factor favors dismissal.

**\*6** The balance of factors governing dismissals under Rule 41(b) clearly indicates that this action should be dismissed for failure to prosecute. Accordingly, it is not necessary for the Court to consider defendant's request for alternative relief.


### III. CONCLUSION

For the reasons set forth above, defendant's motion to dismiss the Complaint pursuant to Fed.R.Civ.P. 41(b) is granted. The Clerk of the Court is directed to close the file in this action.

SO ORDERED.


**All Citations**

Not Reported in F.Supp.2d, 2001 WL 50896

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

2005 WL 2205816
Only the Westlaw citation is currently available.
United States District Court,
W.D. New York.

Wattie FOLK, Plaintiff,

v.

P. RADEMACHER, et al., Defendants.

No. 00-CV-199S.
|
Sept. 9, 2005.

**Attorneys and Law Firms**

Wattie Folk, Great Meadow Corr. Facility, Comstock, NY, pro se.

William Lonergan, New York State Attorney General's Office, Stephen F. Gawlik, Assistant Attorney General, Buffalo, NY, for Defendants.

DECISION AND ORDER

SKRETNY, J.

I. INTRODUCTION

*1 Plaintiff commenced this action under 42 U.S.C. § 1983 on March 3, 2000, by filing a Complaint in the United States District Court for the Western District of New York. Presently before this Court is a Motion to Dismiss filed by the remaining defendants in this case-P. Rademacher, Sgt. Stachewiez, Lt. Hendel, W.Kelley, Hartman, Fleming, Booker, Piasa and Sgt. Baker ("Defendants")-on September 2, 2004. Defendants bring their motion pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure. This is the third motion filed by Defendants on these grounds. For the reasons stated below, Defendants' motion is granted and this case is dismissed with prejudice.

II. BACKGROUND

This motion arises from a discovery ruling issued by the Honorable Hugh B. Scott, United States Magistrate Judge. On October 15, 2002, Defendants filed a Motion to Compel Plaintiff to respond to their First Set of Interrogatories because Plaintiff's initial response had been inadequate. On May 27, 2003, Judge Scott granted Defendants' Motion to Compel and directed Plaintiff to file appropriate interrogatory responses within twenty days. Despite being granted an extension of time in which to respond, Plaintiff failed to file his interrogatory response. As a result, on August 19, 2003, Defendants filed a Motion to Dismiss pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure.

On November 5, 2003, this Court denied Defendants' Motion to Dismiss after Plaintiff satisfactorily explained the reason he failed to comply with Judge Scott's Order. This Court granted Plaintiff an additional thirty days within which to file his response to Defendants' First Set of Interrogatories. Plaintiff filed and served his response to Defendants' First Set of Interrogatories on November 21, 2003. This response, however, was simply a photocopy of the response Plaintiff initially filed on August 29, 2002, the one Judge Scott found to be inadequate.

Consequently, Defendants filed a second Motion to Dismiss on December 19, 2003. Plaintiff filed a response in opposition. Therein, Plaintiff did not deny that he simply re-filed his initial interrogatory response. Rather, he argued that Judge Scott did not have dispositive jurisdiction, and therefore lacked the proper authority to find his initial interrogatory response inadequate. Further, Plaintiff argued that he did not fail to respond as Defendants alleged because he did indeed file a response.

On May 24, 2004, this Court denied Defendants' Second Motion to Dismiss. In doing so, however, this Court rejected Plaintiff's arguments and excuses for not complying with Judge Scott's Order. Nonetheless, because Plaintiff is proceeding *pro se,* this Court determined that granting the relief Defendants requested would be too drastic a measure at that stage of the litigation. *See Bobal v. Rensselaer Polytecnic Inst.,* 916 F.2d 759, 764 (2d Cir.1990) ( "dismissal with prejudice [under Rule 37] is a harsh remedy to be used only in extreme situations ..."). This Court warned Plaintiff that his lawsuit may be dismissed with prejudice if he did not file and serve appropriate responses to Defendants' First Set of Interrogatories within thirty days. *Cf. id.* at 764 (discussing that a court may dismiss an action brought by a *pro se* plaintiff if such plaintiff has been advised by the court that further non-compliance with a court order could result in dismissal of the case with prejudice).

Folk v. Rademacher, Not Reported in F.Supp.2d (2005)
2005 WL 2205816

**\*2** On June 17, 2004, Plaintiff filed a Motion to Extend the thirty-day response deadline. By Order filed July 7, 2004, this Court directed Defendants to provide Plaintiff with another copy of their First Set of Interrogatories, extended Plaintiff's deadline to respond to August 30, 2004, and warned Plaintiff that this was his final extension of time and that his failure to respond could result in his case being dismissed with prejudice. On August 13, 2004, Plaintiff filed his response to Defendants' First Set of Interrogatories.

On September 2, 2004, Defendants filed their instant Third Motion to Dismiss pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure. By Order filed October 7, 2004, this Court directed Plaintiff to file a response to Defendants' motion on or before October 29, 2004. On October 29, 2004, Plaintiff filed a Motion for Extension of Time to respond. By Order filed November 4, 2004, this Court extended Plaintiff's response deadline to November 29, 2004, and warned Plaintiff that his failure to file a response could lead to Defendants' motion being granted as uncontested. To date, Plaintiff has not filed a response to Defendants' motion.

### III. DISCUSSION

A. Dismissal under Rule 41(b) For Failure to Prosecute
This case first warrants dismissal based on Plaintiff's failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that:

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b).

Rule 41(b) does not define what constitutes failure to prosecute. However, the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir.1982). Dismissal pursuant to Rule 41(b) falls within the court's discretion. *See id.* at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion"). It is, however, "a harsh remedy to be utilized only in extreme situations." *Harding v. Fed. Reserve Bank,* 707 F.2d 46, 50 (2d Cir.1983) (quoting *Theilmann v. Rutland Hosp., Inc.,* 455 F.2d 853, 855 (2d Cir.1972) (per curiam); *see also Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 665 (2d Cir.1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive"). This is particularly true in cases involving *pro se* litigants, where dismissal for failure to prosecute should only be granted "when the circumstances are sufficiently extreme." *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996) (citing *Nita v. Connecticut Dep't of Envtl. Prot.,* 16 F.3d 482, 487 (2d Cir.1994)).

**\*3** The following factors, none of which is dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate. *See United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 255 (2d Cir.2004); *Nita,* 16 F.3d at 485; *Feurtado v. City of New York,* 225 F.R.D. 474, 477 (S.D.N.Y.2004) (quoting *Jackson v. City of New York,* 22 F.3d 71, 74 (2d Cir.1994)). In the present case, these factors weigh in favor of dismissal.

#### 1. Duration of Failures
The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to prosecute, and (2) whether the plaintiff's failures were of significant duration. *See Norden Sys.,* 375 F.3d at 255.

In this case, Plaintiff has failed in two ways. First, as noted above, Plaintiff has failed to respond to Defendants' Third Motion to Dismiss, despite twice being directed by this Court

2005 WL 2205816

to do so. Second, and more significant, Plaintiff has failed to adequately comply with Judge Scott's discovery Order of May 27, 2003. Plaintiff has been afforded numerous opportunities to file an appropriate response to Defendants' First Set of Interrogatories. This Court alone has twice extended Plaintiff the benefit of the doubt by denying two Motions to Dismiss for Plaintiff's failure to engage in discovery. While Plaintiff did, in fact, file a response to Defendants' First Set of Interrogatories on August 13, 2004, his response is wholly inadequate. Plaintiff's response contains multiple objections to Defendants' basic interrogatory requests and does not provide anything by way of meaningful discovery. In fact, no useful information whatsoever is contained in Plaintiff's response. Clearly, Plaintiff alone is responsible for repeatedly filing inadequate responses to Defendants' discovery request. As a result, Defendants still have not received any meaningful response to their interrogatory requests.

With respect to the second inquiry, which concerns the duration of Plaintiff's failures, it has been almost one year that Plaintiff has failed to file a response to Defendants' Third Motion to Dismiss. The delay caused by Plaintiff's failure to response to Defendants' interrogatory request is even more significant. Defendants filed and served their First Set of Interrogatories on August 17, 2001. It has thus been more than *four years* and Plaintiff still has not filed an adequate response. This is a failure of significant duration. *Cf. Chira,* 634 F.2d at 666-67 (delay of six months sufficient to warrant dismissal for failure to prosecute; *Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc.,* No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov.8, 2000) (delay of four months warranted dismissal). Thus, this Court finds that this factor weighs in favor of dismissal. In this Court's view, all delay in this case is attributable to Plaintiff and it is of significant duration.

### 2. Notice of Dismissal

**\*4** The Second Circuit requires that the plaintiff receive adequate notice that the case could be dismissed due to inaction. *See Martens v. Thomann,* 273 F.3d 159, 180-81 (2d Cir.2001). In the present case, Plaintiff had adequate notice. First, both the initial Scheduling Order on Defendants' Third Motion to Dismiss and the Order granting Plaintiff's request for an extension of time warned Plaintiff that his failure to file a response as directed could lead to Defendants' motion being granted as uncontested. Second, this Court's Decision and Order denying Defendants' First Motion to Dismiss explicitly stated that Defendants were free to seek dismissal of Plaintiff's Complaint if he failed to respond to the

First Set of Interrogatories as directed. Moreover, this Court's Decision and Order denying Defendants' Second Motion to Dismiss warned Plaintiff that his failure to file appropriate responses to Defendants' First Set of Interrogatories could result in this action being dismissed with prejudice. Because Plaintiff was repeatedly put on notice that his case could be dismissed due to his continued inaction, this factor strongly weighs in favor of dismissal. *See Lyell Theatre,* 682 F.2d at 42-43 (Rule 41(b) dismissal upheld where plaintiff was warned by opposing counsel and the court that dismissal for failure to prosecute was possible).

### 3. Prejudice to Defendants

The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiff's inaction. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." *Lyell Theatre,* 682 F.2d at 43 (citations omitted). In *Lyell Theatre,* the court presumed prejudice where the plaintiff on numerous occasions failed to file documents as directed by the court. *Id.* at 39-40, 43. Similar to the present case, the plaintiff in *Lyell Theatre* continued to ignore the court's orders even after he had been warned that he was risking dismissal. *Id.* at 39. Under *Lyell Theatre,* the prejudice to Defendants in this case may be presumed. Thus, this factor weighs in favor of dismissal.

### 4. Balance between Calendar Congestion and Due Process Rights

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his or her case. *See Norden Sys.,* 375 F.3d at 257. In this regard, " ' a court must not let its zeal for a tidy calendar overcome its duty to justice." ' *Feurtado,* 225 F.R.D. at 480 (quoting *Davis v. United Fruit Co.,* 402 F.2d 328, 331 (2d Cir.1968)). Plaintiff's failure to comply with Judge Scott's discovery order has resulted in this Court having to prepare and file numerous scheduling orders, as well as decide three separate motions to dismiss. While this has been a needless expenditure of judicial resources, this Court cannot conclude that the overall effect on docket congestion has been significant.

**\*5** This Court notes, however, that Plaintiff has been afforded Due Process rights in that he has been provided numerous opportunities to comply with the Orders of this Court. Thus, Plaintiff's own failure to litigate this matter is

not a denial of Due Process. *See Dodson v. Runyon,* 957 F.Supp. 465, 470 (S.D.N.Y.1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); *cf. Feurtado,* 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims). Accordingly, this factor also weighs in favor of dismissal.

5. Consideration of Lesser Sanctions

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. *See Norden Sys.,* 375 F.3d at 257. Upon reviewing the entire record in this case, it is the opinion of this Court that Plaintiff has no intention of complying with this Court's Orders or properly litigating this case. Plaintiff has repeatedly ignored court orders by failing to file a response to Defendants' Third Motion to Dismiss and to Defendants' First Set of Interrogatories. Given the procedural history of this case, this Court finds that any sanction short of dismissal would be ineffective. *See Smith v. Human Res. Admin. of New York City,* 2000 WL 307367, at *3 (S.D.N.Y. Mar.24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); *Alevizopoulos,* 2000 WL 1677984, at 4 (finding lesser sanctions inappropriate based on repeated failures to comply with court orders). Thus, this final factor also weighs in favor of dismissal.

Accordingly, this Court finds that dismissal of this case is warranted under Rule 41(b) for Plaintiff's failure to prosecute.

B. Dismissal under Rule 37(b) For Failure to Comply with Discovery Orders

"A district court may impose sanctions when 'a party ... fails to obey an order to provide or permit discovery.' " *Burns v. Imagine Films Entm't, Inc.,* 164 F.R.D. 594, 598 (W.D.N.Y.1996) (quoting FED. R. CIV. P. 37(b)). Rule 37 of the Federal Rules of Civil Procedure, which concerns the discovery obligations of civil litigants, vests district courts with "broad power" and discretion to impose sanctions, including dismissal, on parties who fail to adhere to discovery orders. *See Friends of Animals, Inc. v. United States Surgical Corp.,* 131 F.3d 332, 334 (2d Cir.1997) (per curiam); *see also Jones v. J.C. Penney's Dep't Stores, Inc.,* 228 F.R.D. 190, 195 (W.D.N.Y.2005) (identifying dismissal of the action as an available sanction under Rule 37); *JSC Foreign Econ.*

*Ass'n. Technostroyexport v. Int'l Dev. & Trade Servs., Inc.,* No. 03 Civ. 5562, 2005 WL 1958361, at *9 (S.D.N.Y. Aug. 16, 2005).

**\*6** While Rule 37 dismissal is a drastic remedy to be reserved only for extreme circumstances, it "is warranted ... where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault." *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.,* 845 F.2d 1172, 1176 (2d Cir.1988) (and cases cited therein); *see also Societe Int'l v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) (sanctions under Rule 37 justified where responding party has control over information requested and fails or refuses production without showing of inability to comply with court's order). Moreover, "dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art,* 29 F.3d 47, 50 (2d Cir.1994) (per curiam).

For all of the reasons discussed above, this Court finds that dismissal of this case is also proper under Rule 37(b) for Plaintiff's failure to comply with discovery orders.

IV. CONCLUSION

Mindful of the fact that *pro se* cases should not easily be dismissed for procedural deficiencies, this Court concludes that Plaintiff's failures in this case go beyond procedural deficiencies, and constitute actual neglect. Plaintiff has failed to diligently prosecute this action in any manner, and has failed to comply with orders of this Court. As such, because each of the factors relevant to the Rule 41(b) and Rule 37(b) analysis favor dismissal, this Court will dismiss this case with prejudice.

V. ORDERS

IT HEREBY IS ORDERED, that Defendants' Third Motion to Dismiss (Docket No. 145) is GRANTED.

FURTHER, that this case is dismissed with prejudice pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure.

FURTHER, that the Clerk of the Court is directed to close this case.

2005 WL 2205816

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2005 WL 2205816

---

**End of Document**                                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.

2008 WL 1758644, 70 Fed.R.Serv.3d 397

KeyCite Yellow Flag - Negative Treatment
Distinguished by   Keitt v. Doe,   W.D.N.Y.,   December 5, 2013

2008 WL 1758644
United States District Court,
S.D. New York.

John NOLAN, Plaintiff,
v.
PRIMAGENCY, INC. et al., Defendants.

No. 07 Civ. 134(RJS).
|
April 16, 2008.

*MEMORANDUM AND ORDER*

RICHARD J. SULLIVAN, District Judge.

 **\*1** On January 31, 2008, this Court issued an Order to Show Cause (the "OSC") *sua sponte,* directing counsel for plaintiff John Nolan, Mr. Louis A. Piccone, Esq., and counsel for defendants Primagency, Inc., Steven Lebetkin, and Conrad J. Isoldi ("Defendants"), Mr. Neil R. Flaum, Esq., to show cause why this case should not be dismissed and/or why sanctions and a finding of civil contempt on Mr. Piccone and/or Mr. Flaum should not issue given the failure of plaintiff to diligently prosecute this case, and the failure of the parties to follow Court orders. After counsel for plaintiff failed to appear on the return date of the OSC, the Court issued an order on March 3, 2008 imposing sanctions on the parties, but declining to dismiss the case, provided that the parties complied with the directives contained in that order. *See Nolan v. Primagency, Inc.,* No. 07 Civ. 134(RJS), 2008 WL 650387 (S .D.N.Y. Mar. 3, 2008) (*"Nolan I"* ). Plaintiff failed to comply with that order in each and every respect. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b), this action is dismissed with prejudice.

## I. BACKGROUND

The Court presumes the parties' familiarity with the facts relevant to this Order, which are recounted in detail in the OSC, as well as prior orders and transcripts in this matter, including *Nolan I.* However, certain facts post-date those orders and are recounted here.

The Court in *Nolan I* imposed civil contempt sanctions on Mr. Piccone and Mr. Flaum, in the amounts of $750.00 and $200.00, respectively. *See Nolan I* at \*1-4. *Nolan I* also included the following directives:

> Additionally, Mr. Piccone has until March 17, 2008, to comply with the Court's November 1, 2008 and January 3, 2008 orders. This means that by March 17, 2008, Mr. Piccone must (1) properly file the Amended Complaint via the Court's electronic case system ("ECF"); (2) submit a courtesy copy of the Amended Complaint to chambers in accordance with the Individual Practices of the undersigned; (3) confer with Defendants' counsel, Mr. Flaum, regarding a joint proposed Case Management Plan; (4) submit a proposed Plan to the Court by hand delivery, email, or regular mail, provided that it reaches chambers by March 17, 2008; and (5) submit a joint status letter, along with Mr. Flaum, outlining what, if anything, has transpired in this case since the November 1, 2007 conference. Mr. Piccone is also directed to forward a copy of this order to his client, plaintiff John Nolan and file proof of service electronically with the Court .... ***Failure to comply with this Order in any respect shall result in dismissal of this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.***

*Nolan I,* 2008 WL 650387 at \*3 (emphasis added). With regard to Mr. Flaum, *Nolan I* contained the following directives:

> In addition, Mr. Flaum is given a limited amount of time in which to comply with past orders. This means that Mr. Flaum must (1) properly

file an answer to the Amended Complaint via the Court's ECF system by April 7, 2008, assuming, of course, that the Amended Complaint has been filed as of March 17, 2008; (2) submit a courtesy copy of the Answer to chambers in accordance with the Individual Practices of the undersigned; (3) confer with Plaintiff's counsel, Mr. Piccone, regarding a joint proposed Case Management Plan; (4) submit a proposed Plan to the Court by hand delivery, email, or regular mail, provided that it reaches chambers by March 17, 2008; and (5) submit a joint status letter, along with Mr. Piccone, no later than March 17, 2008, outlining what, if anything, has transpired in this case since the November 1, 2007 conference. If for some reason a joint letter is not possible, Mr. Flaum shall submit a status letter to the Court by March 17, 2008 explaining why the submission of a joint letter was not possible. Additionally, Mr. Flaum shall be present at the conference on Tuesday, April 8, 2008 at 10:30 a.m., and is also directed to forward a copy of this Order to his clients and file proof of service electronically with the Court. Failure to strictly comply with this order shall result in further sanctions.

**\*2** *Id.* at \*4. The Court in *Nolan I* stated three separate times that the case would be dismissed if plaintiff failed to comply with any of these directives. *Id.* at \*1-5.

Incredibly, as of April 8, 2008, as noted in the record on that day's conference, **the parties collectively had failed to comply with even one of the directives contained in *Nolan I.*** (*See* Apr. 8 Tr. at 3.) Mr. Piccone admitted on the record that he had not complied with any of the directives in *Nolan I,* and that his failure to comply with *Nolan I* was due to personal issues that the Court does not recount here but are referenced, at least in part, in the transcript of the April 8, 2008 telephone conference. [1] (*See id.* at 3-4.) Mr. Flaum noted that although he had also "missed the boat" (*id.* at 8), he sent in payment

of the $200.00 sanction on April 7, 2008 and filed the status letter that day (*see id.*), 21 days after the deadline contained in *Nolan I.* [2] It is unclear whether Mr. Flaum ever forwarded a copy of *Nolan I* to his clients as directed, but it is certainly clear from the docket sheet in this case that Mr. Flaum failed to file the required proof of service. *See Nolan I,* 2008 WL 650387, at \*4.

[1]     Mr. Piccone asserted on the record at the April 8, 2008 conference that he had in fact filed the amended complaint in November, 2007, and that he could submit proof demonstrating this fact. (*See* Transcript of April 8, 2008 Conference ("Apr. 8 Tr.") at 5-7.) While it may be true that Mr. Piccone did technically file a hard copy of the amended complaint in this matter, the amended complaint was never *properly* filed on ECF, because he never emailed the amended complaint to case_openings@nysd . uscourts.gov, pursuant to ECF procedure. As a result of his failure to do so, the amended complaint is not available on ECF. This is exactly what the Court sought to ameliorate when it ordered Mr. Piccone to "properly file" the amended complaint on ECF. *See Nolan I,* 2008 WL 650387, at \*3. In any event, regardless of the extent of Mr. Piccone's non-compliance with this portion of *Nolan I*, this dismissal is based on plaintiff's counsel's failure to follow numerous other directives, as outlined in this and prior orders.

[2]     A letter from Mr. Flaum addressed to the Court and dated April 7, 2008 was received in Chambers on April 9, 2008, and contained a check payable to the Clerk of the Court in the amount of $200.00. That check was tendered to the cashier in the Clerk's office on April 9, 2008.

## II. DISCUSSION

### A. Legal Standard for Dismissal Pursuant to Rule 41(b)

Rule 41(b) expressly authorizes involuntarily dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed.R.Civ.P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir.2001). The "primary rationale" for dismissal pursuant to Rule 41(b) is "the failure of plaintiff in his duty to process his case diligently." *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d

37, 43 (2d Cir.1982). Dismissal pursuant to Rule 41(b) is committed to the discretion of the district court, and may be imposed *sua sponte*. *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 633 (1962); *LeSane,* 239 F.3d at 209. Rule 41(b) provides that such a dismissal "operates as an adjudication on the merits" unless the dismissal order states otherwise. *See Lyell Theatre,* 682 F.2d at 42-43.

Dismissal is an extreme and "harsh" remedy only to be imposed in the most "extreme" situations, and the Court must consider the entire record in deciding whether dismissal is appropriate. *See Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996); *Minnette v. Time Warner,* 997 F.2d 1023, 1027 (2d Cir.1993). However, in appropriate cases, dismissal must be available, "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643 (1976). While dismissal based on the actions of a party's attorney may have serious consequences for the represented party, the Supreme Court has recognized that "[t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client." *Link,* 370 U.S. at 633.

**\*3** The Second Circuit has instructed that a district court weighing dismissal of a case pursuant to Rule 41(b) should employ a balancing test, considering the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiffs interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas,* 84 F.3d at 535 (2d Cir.1996); *see also United States* ex rel. *Drake v. Norden Sys., Inc.,* 375 F.3d 248, 254 (2d Cir.2004). Generally, no one factor is dispositive. *Shannon v.*

*Gen. Elec. Co.,* 186 F.3d 186, 194 (2d Cir.1999) (citing *Nita v. Conn. Dep't of Envtl. Prot.,* 16 F.3d 482, 485 (2d Cir.1994)).

## B. Analysis

Weighing all of the above factors, the Court dismisses this case with prejudice pursuant to Rule 41(b).

### 1. Duration

The first element of the balancing test, the duration of plaintiffs failures, requires that the court consider "(1) whether the failures to prosecute were those of the plaintiff; and (2) whether these failures were of significant duration." *Martens v. Thomann,* 273 F.3d 159, 180 (2d Cir.2001) (citing *Spencer v. Doe,* 139 F.3d 107, 113 (2d Cir.1998)); *see also United States* ex rel. *Drake,* 375 F.3d at 255. The court must also consider whether any of the delays are attributable to the defendant. *See Jackson v. City of New York,* 22 F.3d 71, 75 (2d Cir.1994).

Here, while the various failures to follow court orders can be attributed to both parties, plaintiff is primarily to blame for the fact that this case has not advanced in more than six months. *See Nolan I,* 2008 WL 650387, at \*5. This period of delay is particularly significant given that, during that time, the action did not merely lie dormant, but the parties ignored and disobeyed multiple court orders designed to move the case along. The six-month period at issue here thus is of sufficient duration to weigh in favor of dismissal. *See Lyell Theatre Corp.,* 682 F.2d at 42-43 (noting that Rule 41 dismissal may be warranted "after merely a matter of months").

### 2. Notice

The second element to be considered is whether the plaintiff was on notice that further delay would result in dismissal of the case. *See Lucas,* 84 F.3d at 535 (2d Cir.1996). The Second Circuit has held that where a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, this element has been met. *See Shannon,* 186 F .3d at 194-95.

The notice element strongly weighs in favor of dismissal of this case. Plaintiff was given notice of the Court's intent to

dismiss the action in *Nolan I,* which stated *three times* that the action would be dismissed in the event of the plaintiffs failure to comply with its directives. *See Nolan I,* 2008 WL 650387, at *1-5. In addition, the OSC gave both parties an opportunity to submit papers and to appear in Court to contest dismissal. Plaintiff failed to submit papers in response to the OSC, or to appear on the return date, and failed to follow even one of the directives in *Nolan I.* Furthermore, the parties had previously been warned that the Court would consider sanctioning the parties for failure to comply with Court orders. (*See* Jan. 2, 2008 Order.) Finally, plaintiff himself appeared at the January 30, 2008 conference before the Court, and was informed of the Court's intention to issue the OSC and consider dismissing the case absent further action. (*See* Jan. 30, 2008 Tr. at 3-5.) Thus, because it is abundantly clear that the Court gave plaintiff notice of the impending dismissal of the case, the second element weighs in favor of dismissal.

### 3. Prejudice

**\*4** The third element requires that the Court consider the prejudice of further delay to the defendant. *See Lucas,* 84 F.3d at 535 (2d Cir.1996). Where the delay is unreasonable, prejudice may be presumed as a matter of law. *Shannon,* 186 F.3d at 195 (citing *Lyell Theatre,* 682 F.2d at 43). This is generally because "delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." *Id.* However, "in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Lyell Theatre,* 682 F.2d at 43. "Although a court cannot deny a plaintiff the right to be heard in the interest of avoiding docket congestion, where a plaintiff could have avoided dismissal 'there can be no claim by plaintiff that [its] due process rights have been denied.' " *Jacobs v. County of Westchester,* No. 99 Civ. 4976(WCC), 2008 WL 199469, at *6 (S.D.N.Y. Jan. 22, 2008) (quoting *Europacific Asset Mgmt. Corp. v. Tradescape Corp.,* 233 F.R.D. 344, 354 (S.D.N.Y.2005) (alteration in original)).

Defendants' counsel is to blame for at least some of the delay in this matter. Because of this, and because only six months have passed, the Court will not presume prejudice. While it is demonstrably unreasonable to fail to comply with court orders for six months, the unreasonable delay present in other cases in which courts presumed prejudice is absent here. *See Shannon,* 186 F.3d at 195 (finding presumption of prejudice because events at issue in lawsuit had taken

place over a decade earlier); *Peart v. City of New York,* 992 F.2d 458, 462 (2d Cir.1993) (citing potential for witness recollection to diminish or witness unavailability as the reason for a presumption of prejudice due to unreasonable delay); *Dodson,* 957 F.Supp. at 470 (S.D.N.Y.1997) (holding that dismissal was appropriate after a five-year delay because the court can presume that witnesses' "memories have faded" when eleven years have passed since the events giving rise to plaintiffs cause of action). Thus, the Court finds that the prejudice factor does not weigh in favor of dismissal.

### 4. Balancing the Court's and Plaintiff's Interests

With respect to the fourth element, the balancing of the court's interests and the plaintiff's right to a fair adjudication on the merits, the Second Circuit has instructed that "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas,* 84 F.3d at 535-36. As such, the plaintiff's failure to prosecute must be "vexatious and burdensome" on the Court's ability to manage its docket, as opposed to being merely "silent and unobtrusive." *LeSane,* 239 F.3d at 210.

Plaintiff's right to an opportunity to be heard is not taken lightly by this Court. However, this action has been pending for over a year, and there has been no significant progress of any kind for six months. During that time, this Court has issued six separate orders relating to the parties' various failures, and held three conferences relating to the parties' inability to advance the case. While the Court has less knowledge of what transpired prior to this action being reassigned to the undersigned on September 4, 2007, the parties' ongoing failure to comply with orders of this Court has taken up a grossly disproportionate amount of the Court's time since October, 2007. Plaintiff's duty to prosecute the case diligently "is designed to achieve 'fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources....' " *Dodson,* 957 F.Supp. at 470 (quoting *Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 668 (2d Cir.1980)). As such, the Court finds that plaintiff's failures have been "vexatious and burdensome" and accordingly, the fourth element weighs in favor of dismissal.

### 5. Efficacy of Lesser Sanctions

**\*5** Finally, the fifth element looks to whether the Court has adequately considered remedies other than dismissal. "It is clear that a district judge should employ the remedy of dismissal 'only when he is sure of the impotence of lesser sanctions.' " *Dodson,* 86 F.3d at 39 (citing *Chira,* 634 F.2d at 665). "In deciding on the suitability of lesser sanctions, and whether the sanctions should be aimed primarily against the party or the attorney, it can be important for the district court to assess the relative roles of attorney and client in causing the delay...." *Id.* at 40. "[T]he more the delay was occasioned by the lawyer's disregard of his obligation toward his client, the more this factor argues in favor of a less drastic sanction imposed directly on the lawyer." *Id.* However, this Court must be guided by the Supreme Court's pronouncement that "[t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Link,* 370 U.S. at 633-34.

Although it is without question that plaintiff's failures in this case are solely attributable to his counsel, Mr. Piccone, plaintiff himself was on notice of Mr. Piccone's shortcomings up to and including his failure to appear on January 30, 2008. Nevertheless, as of the April 8, 2008 telephone conference, Mr. Piccone was still the counsel of record in this matter. Plaintiff voluntarily chose Mr. Piccone to represent him in this action. Thus, while dismissal is an unfortunate result for plaintiff, it is not an unjust result. *See Link,* 370 U.S. at 633-34.

As to the consideration of lesser sanctions, this factor clearly weighs in favor of dismissal. As reflected in the record of this case, the Court has given plaintiff numerous opportunities to be heard in relation to his failure to follow court orders. Prior admonishments and warnings have been wholly ineffective. Indeed, the Court previously issued a civil contempt sanction against Mr. Piccone in the amount of $750.00 in order to induce his compliance with future orders. *See Nolan I,* 2008 WL 650387 at \*3. As of the date of this Order, that sanction has not been paid. Moreover, as noted above, counsel has not complied with *any* of the directives contained in *Nolan I.* As such, and based on the record in this case, the Court is convinced that lesser sanctions will have no impact on

plaintiff's, or his counsel's, conduct or compliance with this court's orders.

As four of the five elements favor dismissal under Rule 41(b), the Court finds that dismissal is appropriate, and this case is accordingly dismissed with prejudice pursuant to Rule 41(b). While the Court is sympathetic to the personal issues encountered by plaintiffs counsel over the past few months, as alluded to by Mr. Piccone during the April 8, 2008 telephone conference, that fact does not alleviate Mr. Piccone's duties to the Court and his client. A simple letter to the Court explaining his plight could have resulted in the extension of deadlines, a short stay of the action, or other relief, including obtaining new counsel for plaintiff. Mr. Piccone has made no showing that he was unable to contact the Court during the time that he was preoccupied with personal matters. The Court recognizes that dismissal of this case with prejudice may have the result of denying plaintiff any relief that he might have obtained on his claims. However, plaintiff is responsible for his choice of counsel, and did not choose at any point, even after being advised of Mr. Piccone's failures, to replace him as counsel. *See Lastra v. Weil, Gotshal & Manges LLP,* No. 03 Civ. 8756(RJH)(RLE), 2005 WL 551996, at \*4 (S.D.N.Y. Mar. 8, 2005) ("Claims by a litigant that he should be excused from his attorney's actions because of alleged fraudulent conduct and disobeyance of the litigant's orders may give rise to a claim for malpractice, but does not constitute an extraordinary circumstance or excusable neglect.")

### III. CONCLUSION

**\*6** For the foregoing reasons, this action is DISMISSED with prejudice pursuant to Rule 41(b). The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2008 WL 1758644, 70 Fed.R.Serv.3d 397

---

**End of Document** © 2022 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW © 2022 Thomson Reuters. No claim to original U.S. Government Works. 5

2000 WL 307367
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Constance SMITH, Plaintiff,

v.

HUMAN RESOURCES ADMINISTRATION OF
NEW YORK CITY; Daryl George, Provisional
Supervisor I, Human Resources Administration,
Child Welfare Agency, Division of Adoption
and Foster Care; Robert Martin, Brooklyn
Acting Borough Director, Human Resources
Administration, Child Welfare Agency, Division
of Adoption and Foster Care; Joseph Generett,
Director Recruitment, Selection and Placement
Division HRA Doss Office of Personnel
Administration; Michael Schady, Director,
ASA, Personnel Management, Defendants.

No. 91 CIV. 2295(MGC).
|
March 24, 2000.

**Attorneys and Law Firms**

Michael D. Hess, Corporation Counsel of the City of New York, New York, By K. Lesli Ligorner, Esq., Assistant Corporation Counsel, for Defendants.

**OPINION**

CEDARBAUM, J.

**\*1** In 1991, plaintiff Constance Smith brought suit against defendants alleging that defendants had discriminated against her on the basis of her race, age, and region of origin, the Bronx, New York. Plaintiff amended her complaint in 1994 to allege that defendants retaliated against her by not hiring her after she was terminated in 1992. As set forth below, plaintiff has failed to appear for depositions, pre-trial conferences, and the final pre-trial conference. Defendants have moved to dismiss the complaint for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). For the following reasons, the motion is granted.

THE FACTS

Over the course of the past nine years, plaintiff has failed to make several required appearances in this case. On October 15, 1993, plaintiff failed to appear for her deposition. On October 30, 1995, plaintiff again failed to appear to be deposed.

More recently, plaintiff has failed to appear for pre-trial conferences. She failed to appear at a conference scheduled for January 8, 1999. She called on the day of the conference to inform the court that she would not appear because the cold weather aggravated her poor health. Plaintiff failed to appear at the rescheduled conference on June 25, 1999, again calling on the day of the conference to inform the court that she would not appear because the hot weather aggravated her poor health.

Plaintiff was directed to appear at the final pre-trial conference in this case by court order dated March 9, 2000. The order, sent to her by both certified and regular mail, explained the importance of the final pre-trial conference to the continuation of plaintiff's case. The order reads as follows:

> Plaintiff has failed to appear at either of the pre-trial conferences that she was directed to attend in 1999. A final pre-trial conference is now scheduled for March 23, 2000 at 3:30 p.m. in Courtroom 14–A of the United States Courthouse, 500 Pearl Street, New York, New York, 10007. The parties are directed to appear at that time. If plaintiff again fails to appear at this final pre-trial conference, this action will be dismissed for failure to prosecute.

(Order dated March 9, 2000.)

Plaintiff called on the morning of the conference to inform the court that she had been admitted to the hospital through the emergency room because of high blood pressure and dizziness. She told the court that she did not know when she would be released. Two hours before the conference was scheduled to begin, plaintiff again called to advise the court

2000 WL 307367

that although she had been released from the hospital, she would not attend the conference because of "traffic." Every time plaintiff has called to advise the court that she is not attending that day's conference, she has not herself notified counsel for the defendants that she would not appear, and has telephoned the court so close to the time of the conference that it was too late for the court to do so. On each such occasion, defendants' counsel has made a fruitless appearance.

**\*2** Plaintiff has also not responded to defendants' motions in this case. She never responded to defendants' April 12, 1996 letter motion to dismiss her 42 U.S.C. § 1981 claim and to preclude plaintiff from introducing particular evidence at trial. Plaintiff's only response to this motion to dismiss for failure to prosecute was a letter dated August 23, 1999 in which she apologized for missing the June 25, 1999 conference and asked the court not to dismiss her case because due to a heart condition she is unable to attend court proceedings when the weather is either too hot or too cold.

## DISCUSSION

Fed.R.Civ.P. 41(b) provides, in pertinent part, "[f]or failure of the plaintiff to prosecute ... a defendant may move for dismissal of an action or of any claim against the defendant." It is the plaintiff's duty to "process [her] case diligently." *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 43 (2d Cir.1982). This duty of diligence is imposed upon the plaintiff because of the strong policy in favor of the efficient disposition of cases. *Id.* Over the past nine years, plaintiff has repeatedly failed to perform her duty to move this case forward.

Several factors must be considered in determining the propriety of dismissing an action for failure to prosecute. These factors include "the duration of plaintiff's failures," "whether plaintiff ha[s] received notice that further delays would result in dismissal," and "whether defendant[s][are] likely to be prejudiced by further delay." *Peart v. City of New York,* 992 F.2d 458, 461 (2d Cir.1993) (quoting *Romandette v. Weetabix Co.,* 807 F.2d 309, 312 (2d Cir.1986)). The court must also balance "the need to alleviate court calendar congestion and [plaintiff's] right to due process." *Id.* Finally, the court must "assess[ ] the efficacy of lesser sanctions." *Id.*

All of these factors weigh in favor of dismissing this action for failure to prosecute. First, plaintiff's delay in pursuing this action has been lengthy. Plaintiff has taken no action to prosecute this case since attending a pre-trial conference four

years ago. Much shorter delays have been held to warrant dismissal for failure to prosecute. *See Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 666–67 (2d Cir.1980) (6 months of inactivity); *West v. City of New York,* 130 F.R.D. 522, 525 (S.D.N.Y.1990) (19 months of inactivity).

Second, plaintiff was warned that her failure to appear on March 23, 2000 would result in the dismissal of her case. (Order dated March 9, 2000.) Nevertheless, plaintiff did not appear on March 23, 2000. This motion to dismiss for failure to prosecute also provided plaintiff with notice that any further delay would result in the dismissal of her case. *See, e.g., Stoenescu v. Jablonsky,* 162 F.R.D. 268, 271 (S.D.N.Y.1995). Plaintiff's only response to this motion was a letter dated August 23, 1999, almost two weeks after the August 6, 1999 deadline for her response and only after a letter from the defendants requested that the motion be considered unopposed. That response restated plaintiff's excuse for missing the June 25, 1999 conference, the hot weather, and asked that the case not be dismissed in light of plaintiff's health problems.

**\*3** Third, "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre,* 682 F.2d at 43. Plaintiff has delayed the prosecution of this case for at least four years. This substantial delay is evidence of prejudice to the defendants. *Lukensow v. Harley Cars of New York,* 124 F.R.D. 64, 67 (S.D.N.Y.1989) (holding that a two year delay in prosecution was evidence of prejudice).

Fourth, granting this motion does not violate plaintiff's due process rights when the case is dismissed in part to ensure the efficient administration of justice. Dismissal does not deprive the plaintiff of her right to a fair opportunity to be heard. She has had nine years to prosecute her claim and avoid this result. *See Lukensow,* 124 F.R.D. at 67 (holding that there could be no claim that plaintiffs' due process rights were denied by dismissal following a complete lack of activity for two years).

In fairness to other litigants in this district who seek access to the court, the calendar must be free from unnecessary congestion. As the Second Circuit has explained, "the authority to invoke [dismissal] for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre,* 682 F.2d at 42. Plaintiff's repeated last minute cancellations of scheduled appearances have wasted the time of counsel for defendants and the court.

2000 WL 307367

Finally, lesser sanctions are not appropriate in this case. Court orders and direction have not prompted plaintiff to move her case forward. Plaintiff was ordered by Magistrate Judge Peck to attend a deposition in October of 1995 which she did not attend. She was informed by letter that this court directed her to appear for a conference in January of 1999 and again in June of 1999. Plaintiff did not appear at either conference. Finally, she was ordered to appear on March 23, 2000 or have her claims dismissed. Plaintiff did not appear. Moreover, plaintiff is proceeding *in forma pauperis,* rendering monetary sanctions inappropriate.

While I am not unsympathetic to plaintiff's health problems, there comes a time when fairness to the defendants requires that the action move forward. Plaintiff's history of missed appearances, the lengthy period of inactivity in this case, and her failure to respond to two defense motions warrant dismissal for failure to prosecute. Plaintiff seems to have lost interest in pursuing this case. When given a clear last chance to attend the March 23, 2000 conference and continue this action, plaintiff did not take advantage of the opportunity.

CONCLUSION

For the foregoing reasons, defendants' motion to dismiss this case for failure to prosecute is granted. This action is dismissed with prejudice.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2000 WL 307367

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

 © 2022 Thomson Reuters. No claim to original U.S. Government Works.